**Johnny SMITH, Petitioner–Appellant,**

v.

**Jerry D. GILMORE, Respondent–Appellee.**

No. 96–1397.

United States Court of Appeals, Seventh Circuit.

Submitted March 4, 1997.

Decided April 8, 1997.

Johnny Smith (submitted), Pontiac, IL, pro se.

Rita M. Novak, Paul J. Chevlin, Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

**56**

Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.

PER CURIAM.

We have an appeal by a state prisoner from the dismissal of his petition for federal habeas corpus. The ground of the dismissal was that the petition was an abuse of the writ—the prisoner's third petition for habeas corpus challenging his conviction. The judge also fined the prisoner $50 under Fed. R.Civ.P. 11 for filing a frivolous pleading and, citing *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir.1995) (per curiam), directed the clerk of the district court to accept no further filings from the prisoner until he pays the fine.

There is no doubt that the petition for habeas corpus was rightly dismissed. It does not satisfy the criteria for a second or successive petition for habeas corpus that are set forth in the new Antiterrorism and Effective Death Penalty Act, see 28 U.S.C. § 2244(b)(2), and that we have held to be applicable to petitions, such as Smith's, that were pending on the date the Act was passed. *Roldan v. United States*, 96 F.3d 1013 (7th Cir.1996). It flunks the old criteria too, as the district judge held. See *McCleskey v. Zant*, 499 U.S. 467, 498, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). The only questions worth discussing are the propriety of the fine and the appropriateness of a *Mack* order in this type of case.

 Although fines for frivolous collateral attacks on criminal convictions are rare, Rule 11, like the other Federal Rules of Civil Procedure, is applicable to habeas corpus cases to the extent consistent with the special rules governing those cases. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts; *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir.1994). Nothing in these rules precludes the application of Fed. R.Civ.P. 11. It was applied to a petitioner for habeas corpus in *Gelabert v. Lynaugh*, 894 F.2d 746, 747 (5th Cir.1990) (per curiam), and the present case is one equally appropriate for invoking the rule. As explained by the district judge, Smith is not only a frequent filer of frivolous petitions but was ex-pressly warned by the judge when he filed his second habeas corpus petition attacking this conviction (he has filed at least seven others, attacking other convictions) that he was courting a Rule 11 sanction.

But we do not think the *Mack* order was appropriate. We made an express exception in *Mack* for habeas corpus. 45 F.3d at 186. What is more, the new law, by requiring that leave of this court be obtained for filing any second or successive petition for habeas corpus, 28 U.S.C. § 2244(b)(3), robs the *Mack* order of any function that it might otherwise perform in the habeas corpus arena. If Smith files another petition for habeas corpus, that petition will not be submitted to the district court unless and until we certify its prima facie compliance with the criteria for successive petitions. It will still be possible for the district court to defer its own consideration of any such petition that we certify, in order to coerce the payment of the $50 fine, see *Gelabert v. Lynaugh, supra*, 894 F.2d at 748, but that is a judgment that the district court should make when and if we refer a subsequent petition to it.

The dismissal of the petition for habeas corpus, and the imposition of a $50 fine, are affirmed; the *Mack* order is vacated.