165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James H. HIGGASON, Jr., Plaintiff-Appellant,
v.
Betty SHROYER, et al., Defendants-Appellees.
 No. 98-1973.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1998.*
Decided Nov. 25, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. No. TH 96-042-C-T/H. John D. Tinder, Judge.
 Before Hon. KENNETH F. RIPPLE, Hon. DANIEL A. MANION, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1986, James Higgason began serving a 25-year sentence for burglary at the Indiana State Prison; he previously had served sentences for theft and second degree murder. In 1994 he was transferred to the Wabash Valley Correctional Facility ("Wabash"). During his years in prison, Higgason has been a frequent litigator in the district court and in this court. He presently appeals the district court's grant of summary judgment for the defendants in an action he filed in February 1996, under 42 U.S.C. § 1983. Higgason alleged that the defendants, 68 correctional employees at Wabash, (1) violated his right of access to the courts and (2) subjected him to cruel and unusual punishment by spraying him with a chemical agent, putting him on "strip cell" status, and using excessive force when extracting him from his cell. On appeal, Higgason reiterates his claims, and also argues that the district court erred in denying his requests for appointment of counsel and class certification. Because the district court did not err in denying these latter requests, and because Higgason has failed to demonstrate the existence of any disputed issue of material fact, we affirm.
 
 
 2
 In 1994, prison officials charged Higgason with being an "habitual conduct rule violator" and, following a disciplinary hearing, sentenced him to three years of disciplinary confinement in Wabash's Secured Housing Unit ("the Unit"). At various points during his confinement in the Unit, Higgason was put on "strip cell" status for 72-hour periods. During these periods, all of his personal belongings, including his legal materials, were removed from his cell, but he retained a small amount of clothing and bedding. Higgason claims that this form of confinement amounted to cruel and unusual punishment in violation of the Eight Amendment, and also violated his right of access to the courts.
 
 
 3
 In addition, Higgason claims that his Eighth Amendment rights were violated on two other occasions. First, on September 14, 1994, he was taken to a shower area. When he finished showering, he was not returned to his cell promptly. He began shouting and kicking the shower door to call attention to his desire to be brought to his cell. One of the defendants then fired a burst of chemical spray into the shower and directed Higgason to take a second shower. Only then was Higgason returned to his cell. Second, on July 24, 1995, Higgason began shouting and kicking his cell-door. An altercation with several of the defendants ensued, during which Higgason refused to hand over his shoes and was forcibly extracted from his cell. He was subsequently taken before a prison disciplinary committee, where officials convicted him of disorderly conduct.
 
 
 4
 We review a grant of summary judgment de novo; the record and all inferences drawn therefrom will be viewed in the light most favorable to Higgason, the non-movant. See Johnson v. City of Ft. Wayne, 91 F.3d 922, 930 (7th Cir.1996). A court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 5
 Higgason alleges that the defendants took his law materials out of his cell and frustrated his legal research by delaying and impeding his access to the prison law library. Higgason, however, concedes that "he can point to no litigation that has been dismissed" due to the actions of which he complains. (p. 61) In order to state a claim for the violation of the constitutional right of access to the courts, an inmate must allege, not only interference by prison officials or a failure to provide a constitutionally adequate legal assistance program, but also an "actual injury" resulting from the interference or inadequate program. Lewis v. Casey, 518 U.S. 343, 351-352 (1996). A cause of action does not exist unless the inmate demonstrates that the alleged denial of access "hindered his efforts to pursue a legal claim." Id.
 
 
 6
 For the first time on appeal, Higgason asserts that library personnel failed to provide him with copies of his complaint in Higgason v. Cohn, TH97-207-C-M/F, one of the numerous cases he has litigated during his years in prison. " '[I]ssues not raised in the district court are deemed waived' on appeal, so long as the opposing party argues that a waiver of that issue occurred." United States v. Torres, 142 F.3d 962, 968 (7th Cir.1998) (quoting Momient-El v. DeTella, 118 F.3d 535, 540 (7th Cir.1997)). It is true that "there may exist narrow exceptions to the general rule barring consideration of new arguments on appeal 'where jurisdictional questions are presented or where, in exceptional cases, justice demands more flexibility." ' Huntzinger v. Hastings Mut. Ins. Co., 143 F.3d 302, 307 (7th Cir.1998) (quoting Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1333 (7th Cir.1977)). The present case "neither implicates jurisdictional issues nor gives rise to exceptional circumstances." Id.
 
 
 7
 Higgason alleges that the "satellite" law library to which he had access in the Unit does not contain the materials he needs and that the Constitution requires. Upon review, we are satisfied that the satellite library does contain all of the materials that Higgason needs. We note, moreover, that between April 1, 1995 and May 30, 1996, law library staff photocopied over 23,000 documents for Higgason. Since Higgason failed to demonstrate a genuine issue of material fact on his right-of-access-to-the-courts claim, the district court did not err in granting summary judgment for the defendants on this claim.
 
 
 8
 Higgason also failed to demonstrate any genuine issue of material fact with respect to the sparse living conditions experienced during time spent on "strip cell" status. Higgason was confined in this manner on seven different occasions between June 1994 and January 1997; each time the confinement lasted three days. Strip cell conditions are extremely uncomfortable, but they provide for adequate heat and meals. Although the prisoner is deprived of his personal belongings and has no access to certain over-the-counter medicines, such conditions do not give rise to a violation of the Eighth Amendment, for they do not deny "basic human needs" or "the minimal civilized measure of life's necessities." Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir.1995) (quoting Rhodes v.. Chapman, 452 U.S. 337, 347 (1981)). Moreover, contrary to Higgason's additional assertion, his periodic confinement to a strip cell did not violate his due process rights, for this punishment was not "arbitrary or purposeless." Id. Rather, he was confined to a strip cell in accordance with prison regulations, because he exposed himself to female prison staff, disassembled a disposable razor, and committed various forms of disorderly conduct. Prison regulations only violate the Due Process Clause if they are not "reasonably related to legitimate penalogical interests." Lewis v. Fletcher, 518 U.S. 343, 361 (1996). Nothing in the record casts any doubt on the legitimacy of the penological interests at stake, or on the appropriateness of temporary confinement to a strip cell as a means of furthering those interests.
 
 
 9
 Next, Higgason argues that he was subjected to cruel and unusual punishment when a prison officer sprayed him with a chemical agent in the shower. To prevail on a claim that an official used excessive physical force, a prisoner must demonstrate that the force was applied "maliciously and sadistically for the very purpose of causing harm." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Here, Higgason's own complaint leads to the conclusion, as the district court put it, that the officer "used the chemical agent to gain control over Higgason's disruptive behavior and that Higgason was then permitted to immediately wash away the chemical agent." There is no evidence in this record to suggest otherwise.
 
 
 10
 The district court properly declined to address Higgason's claim that his Eighth Amendment rights were violated when he was forcibly extracted from his cell. A prisoner's § 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). It is well established that this rule applies to judgments in prison disciplinary proceedings. See Edwards v. Balisok, 117 S.Ct. 1584, 1589 (1997); Lusz v. Scott, 126 F.3d 1018, 1021 (7th Cir.1997); Stone-Bey v. Barnes, 120 F.3d 718, 721-22 (7th Cir.1997). Higgason's claim, if verified, would invalidate the result of the prison disciplinary hearing in which he was convicted of disorderly conduct. Higgason cannot "use a suit for damages to get around the procedures that have been established for challenging the lawfulness of continued confinement." Miller v. Indiana Dept. of Corrections, 75 F.3d 330, 331 (7th Cir.1996). Under the present circumstances, we can only conclude that the district court did not err in dismissing this claim without prejudice.
 
 
 11
 Finally, Higgason argues that the district court erred in denying his requests for appointment of counsel and class certification.
 
 
 12
 Whether the indigent litigant is competent to represent himself is for the district court to determine in its discretion, "which we will override only when it should have been plain beyond doubt before the trial began that the difficulty of the issues relative to the capabilities of the litigant would make it impossible for him to obtain any sort of justice without the aid of a lawyer." Farmer v.. Haas, 990 F.2d 319, 322 (7th Cir.1993). Noting that Higgason had presented his claims at considerable length and in great detail, the district concluded that the appointment of counsel would make no difference to the outcome. Our review of the record confirms this finding. Thus, the district court did not abuse its discretion in denying Higgason's request for the appointment of counsel.
 
 
 13
 A district court's denial of class certification is reviewed for an abuse of discretion. Mira v. Nuclear Measurements Corp., 107 F.3d 466, 471 (7th Cir.1997). The district court concluded that Higgason's claims were fact-specific to his own situation, and thus did not meet the typicality requirement of Fed.R.Civ.P. 23(a)(3). We agree. Higgason's lewd and disorderly conduct, the prison officials' specific efforts to discipline him in response to instances of such conduct, and his prodigious and continuous demand for legal material, are all factors peculiar to his own situation and essential to the proper understanding and disposition of his complaint. Therefore, the district court did not abuse its discretion in determining that class certification was not appropriate in this case.
 
 
 14
 Simply put, Higgason's appeal is frivolous. Since Higgason was not entitled to appointment of counsel or class certification, and since he failed to demonstrate any genuine issue of material fact, we AFFIRM the district court's ruling. Moreover, our review of the numerous appeals Higganson has filed in this court requires us to issue, as part of this order, a Rule to Show Cause why Higganson should not be subject to restrictions on all future filings in this Circuit, with the exception of habeas corpus petitions and any matter in which Higganson should be a criminal defendant. Petitioner's response shall be filed in this court by December 31, 1998. See Smith v. Gilmore, 111 F.3d 55, 56 (7th Cir.1997); Verdone v. Circuit Court for Taylor County, 73 F.3d 669 (7th Cir .1995); Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995); Homola v. McNamara, 59 F.3d 647 (7th Cir.1995).
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)