United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-60430
_____

JESSE ROGERS, JR.,

                                        Plaintiff - Appellant,

                        v.

JOHN ALLEN JONES, Etc.; ET AL.,

                                        Defendants,

JOHN ALLEN JONES, Humphreys County
Sheriff; THOMAS OSBORNE,
Deputy, Humphreys County Sheriff's
Department,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-254-D-B
_____

Before JOLLY, HIGGINBOTHAM, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Jesse Rogers, Jr. appeals the district court's grant of the defendants' motion for judgment as a matter of law, which concluded that his section 1983 claim against the defendants for the use of excessive force was barred by the doctrine established in Heck v.

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

<u>Humphrey</u>, 512 U.S. 477 (1994), by virtue of the fact that Rogers had been convicted of disorderly conduct for his involvement in the altercation from which his allegations of excessive force sprung. Because we find that, on the facts of this case, success on his claim would necessarily imply the invalidity of his conviction, we find no error in the district court's conclusion that his § 1983 claim is barred. Accordingly, the grant of judgment as a matter of law in favor of the defendants is AFFIRMED.

I

Rogers, a Mississippi prisoner, filed an action under 42 U.S.C. § 1983 against Sheriff John Allen Jones and Deputy Thomas Osborne, alleging that on March 20, 1998, when Rogers was a pretrial detainee at the Humphreys County Jail, the defendants attacked and beat him, without provocation, resulting in a dislocated finger. He alleged the use of excessive force was cruel and unusual punishment in violation of the Eighth Amendment.[1] The case proceeded to trial, and after the close of the plaintiff's case, the defendants moved for judgment as a matter of law and dismissal of the § 1983 claim. The court granted the motion and dismissed the case, noting that "Mr. Rogers was convicted in the

---

[1]Rogers was convicted in state court of disorderly conduct in violation of Miss. Code Ann. § 97-35-7 before Justice Court Judge Gammons on March 26, 1998. Although this Court does not have the transcript of the state proceedings, Rogers himself testified in this federal civil rights case that, in the state hearing, he denied using any physical force or resisting the Sheriff's efforts to place him in the holding cell, and that Judge Gammons found him guilty anyway. As punishment, he was assessed and paid a fine. This conviction was never challenged.

Justice Court for the incident that occurred on March 20th, 1998, the facts giving rise to that conviction, the same facts, that the plaintiff in this case bases his civil rights action." (Trial Tr., RE Tab 4, pp. 123-24). The court concluded <u>Heck</u> barred his claims because his claims of excessive force necessarily imply the invalidity of his conviction or sentence. Plaintiff timely appealed the dismissal of his claim to this court.

II

This court reviews *de novo* the district court's ruling on a motion for judgment as a matter of law. <u>Brown v. Bryan County, OK</u>, 219 F.3d 450, 456 (5th Cir. 2000). After carefully reviewing the arguments presented by the briefs, we agree with the district court that <u>Heck</u> bars Rogers's claims. Although Rogers argues that the defendants theoretically could have used excessive force in violation of the Constitution without the excessive force claim necessarily implying the invalidity of the disorderly conduct conviction under the relevant Mississippi statute,[2] we find that, on the facts of this case, his excessive force claim is not

---

[2]The statute under which Rogers was convicted criminalizes the failure to obey officers' directives, as well as the use of physical force against an officer. Thus, while a conviction under Miss. Code Ann. § 97-35-7 theoretically may allow a plaintiff to challenge the amount of force used by the defendants without implicating the validity of an underlying disorderly conduct conviction, the pertinent question is whether the complaint and allegations in this case imply the invalidity of the conviction. The question at Rogers's hearing on the disorderly conduct charge turned on the use of force on the part of Rogers, rather than merely failure to obey a directive. Indeed, Rogers acknowledged that as part of his defense to the disorderly conduct charge, he denied using physical force against the officers and denied resisting officers' efforts to put him in his holding cell. Thus, this Court is not confronted with the theoretical situation presented by Rogers.

cognizable.

To establish a claim of excessive force, Rogers must establish that prison officials acted maliciously and sadistically, and not in a good-faith effort to maintain or restore discipline. See Baldwin v. Stalder, 137 F.3d 836, 838 (5th Cir. 1998) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). Rogers's complaint explicitly alleges that defendants "without cause, provocation or warning, began to strike and kick Plaintiff." (Complaint, ¶ 10). The complaint also alleges that "[a]t no time did Plaintiff attempt to resist Defendants Jones or Osborne, or offer violence to or threaten either of them. In conjunction with the subject incident, Plaintiff committed no crime nor has he been charged with the commission of any crime." (Complaint, ¶ 11). Furthermore, Rogers' own testimony in this case indicates that he challenges the facts essential to his conviction. He testified that the defendants "beat me, they kicked me, sprayed me with Mace for no reason at all." Questioned whether he, at any time used physical force or resisted, Rogers answered, "No, sir." Thus, the testimony necessary, and actually elicited at trial, to establish his claim necessarily implies that his underlying conviction for disorderly conduct in this case is invalid.[3]

---

[3]The Seventh Circuit recently has come to the same conclusion; where a prisoner has engaged in disorderly conduct, it is nearly impossible for him to satisfy the standards set out by the Supreme Court to establish his claim of excessive force. See Higgason v. Shroyer, 1998 WL 847059 (7th Cir. 1998)(unpublished); see also Mayer v. Heims, 1996 WL 138588 (7th Cir. 1996)(unpublished).

4

III

Rogers's claim that the defendants applied excessive force against him in violation of the constitution's prohibition on cruel and unusual punishment is barred by <u>Heck</u>.  In attempting to show that the defendants acted with malice and not in good faith to restore discipline, Rogers must essentially renew his defense to the disorderly conduct charge.  Accordingly, the decision of the district court is

AFFIRMED.