DLD-297                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1917
_____

LARRY HICKMAN,
                                        Appellant

v.

KENNETH CAMERON,
Warden of SCI-Cresson

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:11-cv-00791)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Summary Action Pursuant to Third Circuit
L.A.R. 27.4 and I.O.P. 10.6 and on Appellant's Request for a
Certificate of Appealability Under 28 U.S.C. § 2253(c)(1)
June 27, 2013

Before: AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 23, 2013)
_____

OPINION
_____

PER CURIAM

Larry Hickman appeals an order denying his Fed. R. Civ. P. 60(b) motion for

relief from judgment. The order also imposed a filing injunction. For the following reasons, we will deny a certificate of appealability (COA) to the extent one is necessary and otherwise affirm the District Court's ruling, albeit with modifications to the injunction.

Because we write primarily for the parties, we need not recount the long history of Hickman's collateral attacks on his 1988 Allegheny County conviction. See generally Hickman v. Coleman, No. 10–148, 2010 WL 2634104 (W.D. Pa. Apr. 22, 2010), adopted by 2010 WL 2634006 (W.D. Pa. June 30, 2010). Suffice it to say, both we and the District Court have long held that Hickman has exhausted his "one bite of the apple under the AEDPA," Lambert v. Blackwell, 134 F.3d 506, 512 (3d Cir. 1997). See, e.g., Hickman v. Cameron, C.A. No. 11-4118 (order entered Jan. 11, 2012).

Hickman's most recent effort was filed in March 2013. Purportedly a Fed. R. Civ. P. 60(b) motion, it averred that the District Court's order denying his 1996 habeas corpus petition was void for lack of jurisdiction on account of a "plain usurpation of judicial power." It also appeared to attack the resolution of prior post-judgment motions.

The District Court denied 60(b) relief "[f]or the same reasons set forth in [its] previous order." And because the District Court had previously "warned [Hickman] that his actions in presenting this Court with patently frivolous petitions exposed him to the possibility of sanctions," a filing injunction was imposed, reading:

> Petitioner, Larry Hickman, is HEREBY PROHIBITED from filing any habeas corpus proceeding, or motion in connection therewith, in this Court.

2

Should Petitioner attempt to file any such petition or motion, the Court will order that he be required to pay $1000.00 in sanctions that will be deducted in monthly installments from his inmate trust fund account.

Hickman timely appealed, and he has applied for a COA.

The District Court's order has two separate parts, each requiring different treatment. To appeal the District Court's disposition of the Fed. R. Civ. P. 60(b) motion, Hickman is required to obtain a COA. See Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999); see also 28 U.S.C. § 2253(c)(2). The District Court declined to issue one. See Rules Governing Section 2254 Cases 11(a). And, for substantially the same reasons discussed by the District Court, we conclude that jurists would not debate its decision to deny relief. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, Hickman's application for a COA is denied.

By contrast, the filing injunction is not connected with the merits of the underlying habeas corpus proceeding. Hence, no COA is required to appeal it. See Harbison v. Bell, 556 U.S. 180, 183 (2009). We thus exercise our jurisdiction under 28 U.S.C. § 1291 to determine whether the injunction represents an abuse of discretion. In re Packer Ave. Associates, 884 F.2d 745, 747 (3d Cir. 1989).

In In re Oliver, 682 F.2d 443 (3d Cir. 1982), we wrote:

It is well within the broad scope of the All Writs Act for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated. The interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets have been deemed sufficient by a

3

number of courts to warrant such a prohibition against relitigation of claims.

Id. at 445. Such a sanction "should not be imposed by a court without prior notice and some occasion to respond." Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987) (per curiam); accord United States v. Robinson, 251 F.3d 594, 596 (7th Cir. 2001) (per curiam); see also Oliver, 682 F.2d at 445 (describing a filing injunction as "an extreme remedy").

Here, the District Court clearly gave Hickman prior warning that continuing to submit frivolous filings, in light of his extensive history of doing so, would expose him to the possibility of sanctions. See Mem. Order 1 n.1, ECF No. 9. We conclude that he was properly apprised of the risks he faced and has had an opportunity to explain himself. No abuse of discretion is apparent.

However, we are concerned that the District Court's order may be somewhat overbroad. By its plain language, it prevents Hickman from filing "*any* habeas corpus proceeding." The well has run dry for collateral attacks on the 1988 conviction, but the District Court's language could arguably bar a valid collateral attack on a future conviction, or otherwise prevent a different, legitimate exercise of the writ. See In re Packer Ave. Associates, 884 F.2d 745, 748 (3d Cir. 1989) (discussing filing injunction that "appear[ed] to prohibit appellant from ever again filing another petition, pleading or document in federal court"). "All of the courts that have considered whether an injunction restricting a litigant's future litigation may be issued have emphasized that

4

such an injunction should be narrowly tailored . . . ." Id. Further, the automatic

imposition of a $1000 fine, without any additional process, may contravene Hickman's

rights. Cf. Cotner v. Hopkins, 795 F.2d 900, 903 (10th Cir. 1986) (per curiam).[1]

In Packer, we endeavored to "strike[] a good balance between the right of the

litigant to access . . . the courts, the right of parties to previous litigation to enjoy the

repose of *res judicata*, and the right of taxpayers not to have a frivolous litigant become

an unwarranted drain on their resources." Packer, 884 F.2d at 748. We will follow

Packer's approach (as modified by the intervening passage of AEDPA), and amend the

District Court's injunction to read as follows:

> Petitioner, Larry Hickman, is HEREBY PROHIBITED from filing any
> habeas corpus proceeding, or motion in connection therewith, relating to his
> 1988 criminal conviction in the Court of Common Pleas of Allegheny
> County, Pennsylvania, in this Court without first seeking leave to do so. In
> seeking leave, Hickman must certify that the claims he wishes to present
> are not barred by the Antiterrorism and Effective Death Penalty Act's
> prohibition on successive filings; or, in the case of a Fed. R. Civ. P. 60(b)
> motion, that his motion presents a new, nonfrivolous reason for granting
> relief from judgment. Upon a failure to certify or upon a false certification,
> Hickman may be found in contempt of court and punished accordingly.
> Such punishment may include fines and other penalties that the Court
> deems proper.

We will otherwise summarily affirm the District Court's judgment, as this appeal

presents no substantial question. See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir.

---

[1] Fines themselves, however, are permissible—if uncommon—in the habeas context. See
Smith v. Gilmore, 111 F.3d 55, 56 (7th Cir. 1997) (per curiam).

2011) (per curiam); <u>see also</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[2]

---

[2] Of course, a district court has significant discretion in managing the cases on its docket. <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982). Today's decision should not be read to bar the imposition of a more-restrictive (or additional) filing injunction should Hickman's filing pattern continue unabated.

Because our amended order eliminates the automatic filing sanction, we need not determine at this time whether a District Court may permissibly target an inmate's prison account for deduction as part of imposing monetary sanctions. <u>But see</u> <u>Alexander v. United States</u>, 121 F.3d 312, 315 (7th Cir. 1997) (suggesting, in 28 U.S.C. § 2255-derived proceedings, that "tapping the prisoner's trust account under the PLRA is not an option" because the PLRA "does not apply to collateral attacks on criminal convictions"); <u>Santana v. United States</u>, 98 F.3d 752, 756 (3d Cir. 1996).