FILED
United States Court of Appeals
Tenth Circuit

May 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MONTGOMERY CARL AKERS,

    Defendant - Appellant.

No. 13-3221
(D.C. No. 2:04-CR-20089-KHV-JPO-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Defendant Montgomery Carl Akers, proceeding pro se, appeals a district-court

order that imposes restrictions on his possible future filings in his criminal case and

denies his request for an evidentiary hearing. He claims that the district judge must be

removed for bias, that the filing restrictions are improper, and that an evidentiary hearing

is necessary to resolve his assertion that the government unconstitutionally prevented him

---

[*]After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

from accessing his property. We affirm the district court's order and deny Defendant's motions.

## I. BACKGROUND

Defendant was sentenced to 327 months' imprisonment after he pleaded guilty to one count of wire fraud in the United States District Court for the District of Kansas. *See United States v. Akers*, 261 F. App'x 110, 111 (10th Cir. 2008). We affirmed his sentence on appeal. *See id.* He has since filed numerous motions and appeals in his criminal case. On August 20, 2012, the district court proposed the following filing restrictions:

> [I]f defendant files any document in this criminal case which the Court deems frivolous, the Court will sanction defendant a minimum of $500.00 for each violation and may impose further restrictions on his future filings in the District of Kansas. This restriction does not apply to documents filed on defendant's behalf by a licensed attorney who is admitted to practice in the District of Kansas.

R., Vol. 1 at 72–73. The court gave Defendant 14 days to file written objections to the proposed restrictions. He responded with two objections: (1) that Judge Kathryn Vratil, the judge assigned to the case, must recuse herself because he had "filed documental evidence with your Court evidencing your bias and prejudice and collusion based upon your actions in concert with Assistant United States Attorney, Kim M. Berger-Martin," *id.* at 74; and (2) that he had never been warned that his "conduct before this Court approached the subject of sanctions," *id.* at 76. He also moved for an evidentiary hearing to investigate his claim that Assistant United States Attorney Berger-Martin and the

2

Federal Bureau of Prisons unconstitutionally denied him access to his property. The district court found that his objections were frivolous and imposed the filing restrictions; it also denied his motion for an evidentiary hearing.

## II.    DISCUSSION

### A.    Filing Restrictions

Federal courts have the inherent power and discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). There is "strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (internal quotation marks omitted). "Concomitant with the restrictions available to the district court, however, there must be some guidelines as to what [the restricted party] must do to obtain the court's permission to file an action." *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989). And the party who faces restrictions "is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.*

In his response to the proposed order imposing filing restrictions, Defendant objected that he had never been warned that his "conduct before this Court approached the subject of sanctions." R., Vol. 1 at 76. On appeal he argues that the order "does not outline what steps or measures [Defendant] must take to file a pro-se process in the district court to avoid being sanctioned." Aplt. Br. at 6. Neither objection has merit. The

3

district court did not sanction Defendant or even restrict his ability to file documents in court. It merely warned him that if he filed frivolous claims in the future it would impose a monetary sanction, which it unquestionably has the power to do. *See Chambers*, 501 U.S. at 44–46. And Defendant cannot complain that he does not know how to obtain the court's permission to file an action, because the court has not withdrawn that permission.

### B.        Allegations of Judicial Bias

"The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (internal quotation marks omitted). A claimant may bring a due-process claim of judicial bias by showing either actual bias or the appearance of bias. *See id.* "The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.* (brackets and internal quotation marks omitted). But neither adverse rulings nor "a judge's ordinary efforts at court-room administration, even if stern and short-tempered" support charges of bias. *Id.* (brackets and internal quotation marks omitted). Defendant has not pointed to the requisite evidence of bias. His "support" for his claim of bias is limited to adverse rulings and his distortion of the record.

### C.        Evidentiary Hearing

"We review the district court's denial of an evidentiary hearing for abuse of discretion." *United States v. Flood*, 713 F.3d 1281, 1290 (10th Cir. 2013). Defendant argues that he "is entitled to an evidentiary hearing to determine that his finances are not

4

seizeable [sic] by the Office of the United States Attorney in Kansas." Aplt. Br. at 3 (full capitalization omitted). But his accusation is unrelated to these criminal proceedings. In particular, as stated by the district court, Defendant has not indicated that the challenged conduct affected his right to counsel. Perhaps the challenged conduct could support a civil suit by Defendant; but the civil claim cannot be raised by a motion in his criminal case. The district court did not abuse its discretion when it denied Defendant's request for an evidentiary hearing.

## III.    CONCLUSION

We AFFIRM the district court's order. We DENY Defendant's motion to proceed *in forma pauperis* on appeal and we DENY Defendant's other outstanding motions.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

5