FILED
United States Court of Appeals
Tenth Circuit

April 3, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MONTGOMERY CARL AKERS,

    Defendant - Appellant.

No. 19-3254
(D.C. Nos. 2:04-CR-20089-KHV-1 &
2:09-CV-02206-KHV)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Montgomery Carl Akers filed a collection of motions in the district court seeking

to void the judgment in his original 28 U.S.C. § 2255 proceedings, to amend his

restitution order, and for various other relief. The district court construed the motion to

void the judgment as an unauthorized second or successive motion to vacate his sentence

under 28 U.S.C. § 2255, dismissed it for lack of jurisdiction, and denied a certificate of

appealability (COA). The court denied all other motions and imposed sanctions for the

filings it found frivolous. Appearing pro se,[1] Akers seeks a COA to challenge the district

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Akers is pro se, we construe his filings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

court's ruling on his motion to void the judgment and appeals several other aspects of the district court's order. He also seeks leave to proceed in forma pauperis (IFP) on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we deny the IFP motion, deny a COA and dismiss the matter with respect to the motion to void the judgment, and affirm in all other respects.

## BACKGROUND

In 2006, while serving a 105-month sentence for bank fraud and other offenses, Akers pleaded guilty to wire fraud, an offense he committed from prison, and the district court sentenced him to 327 months in prison. He appealed his sentence and we affirmed. *United States v. Akers*, 261 F. App'x 110, 116 (10th Cir. 2008) (unpublished).

Akers filed his first §2255 motion in 2009. The district court denied it on the merits and denied a COA. We denied his request for a COA and dismissed the appeal. We also denied his motion to proceed *in forma pauperis* (IFP) on appeal because he failed to advance "a reasoned, nonfrivolous argument on the law and facts to support the issues raised on appeal." .*United States v. Akers*, 384 F. App'x 758, 759 (10th Cir. 2010) (per curiam) (citing *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).

Since then, Akers has filed myriad unsuccessful motions and appeals in his criminal case attacking his conviction and sentence, including second or successive § 2255 motions and other post-judgment motions alleging, among other things, that the district court judge, prosecutor, investigators, and others engaged in a widespread conspiracy to wrongfully charge and convict him; ineffective assistance of counsel;

2

judicial bias; fraud on the court; and lack of subject matter jurisdiction.[2]  In several pleadings, he also maintained that prison officials had unconstitutionally denied him access to his money and interfered with his ability to communicate with and retain private counsel, but the district court consistently rejected those claims, explaining that claims regarding the prison's post-sentencing treatment of him were not related to his criminal case and might be more properly raised in a civil suit.  Some motions also challenged the validity of and sought modification of his restitution order.  In denying relief on those claims, the district court held that it did not have authority to vacate the amount of restitution and that Akers had not shown changed economic circumstances warranting a modification.

In March 2019, Akers filed the motions at issue here: (1) a motion to void the judgment in his original habeas proceedings based on lack of subject matter jurisdiction; (2) a motion to amend the restitution order; (3) a motion for appointment of the Federal Public Defender (FPD) to investigate a potential Sixth Amendment claim involving recordings of attorney-client communications at Leavenworth prison where he had been housed; and (4) a motion alleging that prison officials were interfering with his ability to retain private counsel.  Over the next several months, he filed more pleadings, including an addendum to and a brief in support of the motion to void the judgment, a motion for a status update, and a motion notifying the district court that he is being denied the ability to retain and secure licensed counsel to represent him with the foregoing motions.

---

[2] Akers has also filed numerous appeals challenging various district courts' rulings in his civil suits asserting claims collateral to his criminal proceedings.

For reasons discussed below, the district court denied all relief and, based on what it concluded were frivolous and duplicative filings, imposed monetary sanctions and filing restrictions.

## DISCUSSION

In his combined opening brief and COA application, Akers indicated that he is appealing "all rulings of the district court." COA Appl. at 2, but he did not explain the basis for his appeal of some of the district court's rulings. We deny a COA as to the district court's dismissal of the motion to void the judgment and affirm the other parts of the district court's order Akers challenged in his brief, for which no COA is required.

### 1. Motion to Void Judgment

Akers first claims the district court erred by dismissing his motion to void the judgment and reopen his initial § 2255 proceeding. He also claims the court abused its discretion by imposing sanctions for that motion. We reject both arguments.

### a. Dismissal of Motion for Lack of Jurisdiction

Akers characterized his motion to void the judgment as a Rule 60(b) motion, claiming, among other things, that the court denied his first § 2255 motion based on inaccurate information and thus violated his right to due process. But because the substance of the motion to void the judgment challenged his conviction and sentence based on essentially the same arguments he had raised in previous § 2255 motions, the district court concluded that it was yet another unauthorized second or successive § 2255 motion and dismissed it for lack for jurisdiction. *See Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005) (explaining that a Rule 60(b) motion amounts to a second or successive

4

petition for habeas relief if it either "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*," and that a "claim" is "an asserted federal basis for relief from a state court's judgment of conviction") (internal quotation marks omitted).  The court also denied a COA.

To appeal the district court's dismissal of his petition, Akers must first obtain a COA.  28 U.S.C. § 2253(c)(1)(B).  The district court's dismissal of his petition for a lack of jurisdiction was a procedural ruling.  *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (per curiam).  Therefore, we will grant Akers a COA only if he "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion.  28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h).  Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Rule 60(b) cannot be used to "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."  *Gonzalez*, 545 U.S. at 531.  "[A] 'true' 60(b) motion . . . either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the

5

federal habeas proceeding . . . ." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citation omitted). Regardless of how a movant characterizes a motion, it is treated as a habeas petition if it "in substance or effect asserts or reasserts a federal basis for relief" from the underlying conviction. *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam) (internal quotation marks omitted).

We agree with the district court's conclusion that Akers' motion was a successive § 2255 motion, not a true Rule 60(b) motion. The substance of the motion did not challenge a procedural ruling that prevented the first habeas court from considering the merits of his claims, but instead sought "vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of [his] claim" some ten years ago, *Spitznas*, 464 F.3d at 1216. Because we conclude that reasonable jurists could not debate that the district court was correct in treating Akers' motion as an unauthorized second or successive § 2255 petition, we deny a COA.

### b. Sanctions Order

In 2013, Akers' repetitive filings prompted the district court to warn him that future frivolous filings in his criminal proceedings would result in the imposition of a $500 sanction for every filing the district court deemed to be frivolous and possible further filing restrictions. We upheld that warning on appeal. *United States v. Akers*, 561 F. App'x 769, 771 (10th Cir. 2014). After Akers persisted in filing frivolous documents, the district court imposed a $500 sanction in 2017. It also warned him that if he continued to file frivolous documents, the court would impose greater monetary

sanctions on a progressive scale.[3]  Akers appealed the imposition of the $500 sanction, but did not appeal the court's proposed progressive scale of monetary sanctions.  We affirmed the sanction and cautioned Akers that "future frivolous appeals may result in an order requiring him to show cause to avoid appellate filing restrictions or sanctions."  *See United States v. Akers*, 740 F. App'x 633, 635 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1573 (2019).

In this appeal, Akers contends that the district court erred in imposing sanctions for filing his Rule 60(b) motion because it was not frivolous, but he does not appeal the amount of the sanction imposed.  We note that he does not need a COA to appeal the sanction order because the imposition of sanctions is collateral to the merits of the underlying § 2255 motion and is thus not a final order that disposes of the merits of a habeas corpus proceeding.  *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (explaining that the COA requirement in § 2253(c)(1)(a) applies to "final orders that dispose of the merits of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention."); *see also Hickman v. Cameron*, 531 F. App'x 209, 211 (3d Cir. 2013) (per curiam) (holding that a COA is not required to appeal filing restrictions issued in order denying Rule 60(b) motion that sought relief from order denying habeas petition).

---

[3] The district court warned that "if defendant files any further document in this criminal case which the Court deems frivolous, the Court will sanction defendant a *minimum* of $1,000 for the next violation, a *minimum* of $5,000 for a third violation, a *minimum* of $10,000 for a fourth violations, and a *minimum* of $20,000 for a fifth and subsequent violations."  R., Vol. 1 at 169.

A document or argument generally is considered frivolous where it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (legal frivolousness includes both "inarguable legal conclusion[s]" and "fanciful factual allegation[s]"). We review the district court's imposition of sanctions for frivolous filings for abuse of discretion. *Barrett v. Tallon*, 30 F.3d 1296, 1301 (10th Cir .1994). Akers has previously raised the arguments he raised in his Rule 60(b) motion numerous times and been told that they are without merit. He has also been told that he must seek authorization before filing what is in effect a second or successive § 2255 motion. In light of his continued persistence despite previous court orders, we conclude that the district court did not abuse its discretion in imposing sanctions for Akers' frivolous Rule 60(b) motion.

## 2. **Motion to Amend Restitution**

In his motion to amend restitution, Akers indicated that despite attacking the underlying judgment as void, he wanted to pay the restitution order in full. He said he would be able to do so if prison officials would stop interfering with his ability to communicate with financial advisors, preventing him from consummating the sale of his business concept for $5 billion, and denying him access to $270 million accounts receivable in a payment database. Noting that Akers "offer[ed] no legitimate reason why he would seek to expedite [his payment of] restitution while simultaneously arguing that the restitution judgment is invalid," R., Vol. 2 at 146, the court found Akers' motion frivolous because his "[s]peculative business deals [and] potential 'receivables' do not come close to satisfying [his] burden to show that [his] economic circumstances have

8

changed enough to warrant modification of his restitution obligation" under 18 U.S.C. § 3664(k). R., Vol. 2 at 145-46. This provision in the Mandatory Victims Restitution Act permits a court to adjust a defendant's payment schedule upon a showing of a material change in economic circumstances.

It is unclear from Akers' brief on appeal whether he is challenging only the district court's frivolousness determination or whether he is also challenging the denial of the motion. Construing his brief liberally, we assume he is challenging both. Like the order imposing sanctions for his frivolous Rule 60(b) motion, Akers does not need a COA to appeal the district court's order rejecting his claims regarding restitution, because those claims did not seek relief from his conviction or sentence, so were not raised under § 2255. *See Harbison*, 556 U.S. at 183.

As for the merits, Akers was required to pay 10% of his monthly income toward restitution while he was in prison. *See* R., Vol. 2 at 144. To have the order modified, he had to show a material change in his economic circumstances. The district court properly concluded that his grandiose and speculative assertions that he had the resources to pay the full restitution amount did not prove the material change required to warrant a modification.

We find no abuse of discretion in the district court's conclusion that Akers' motion to amend restitution was frivolous and its resultant imposition of sanctions.

### 3. Motion Concerning Appointment of and Access to Counsel

Akers filed two motions concerning the appointment of and access to counsel. In one, he sought relief from prison officials' alleged interference with his attempts to

9

communicate with private counsel (the "access-to-counsel motion"). The court denied the motion, concluding that Akers had no right to counsel at this stage of the criminal proceeding and explaining, as Akers had been told several times before, that claims for access to counsel at this stage of the proceedings must be brought as conditions-of-confinement claims in a civil rights action, not in a habeas petition. The court found that this motion was frivolous and sanctioned him for it.

In the second motion concerning counsel, Akers asked the court to appoint the FPD to investigate his potential claims of illegal recording of his attorney-client communications pursuant to that court's standing order directing the FPD to investigate potential improper-recording claims of inmates at Leavenworth, where Akers had been housed (the "motion for appointment of FPD"). In denying this motion, the court explained that the FPD had already been appointed to review potential claims. Though Akers had not shown that any of the attorney-client communications he had while at the prison had been recorded, the court did direct that a copy of the motion be sent to the FPD so it was aware of this potential claim. The court further found, however, that Akers' allegations that the court had conspired with the prosecutor to record his conversations and steal his mail were frivolous, and thus it sanctioned Akers for filing the motion.

On appeal, Akers does not take issue with the court's denial of the motion for appointment of the FPD, but claims the court erred by denying the access-to-counsel motion and by imposing sanctions for both motions. Again, because the underlying motions did not challenge the lawfulness of his detention, he does not need a COA to

10

appeal the district court's rulings. *See Harbison*, 556 U.S. at 183 (holding that a prisoner seeking to appeal a final order denying a motion to enlarge the authority of appointed counsel or denying the appointment of counsel does not need a COA to proceed).

Relying on *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), and *Mann v. Reynolds*, 46 F.3d 1055 (10th Cir. 1995), Akers maintains that the district court violated its "duty to insure that [he] has" access to counsel of his choice, COA Appl. at 11. But his challenge to the district court's ruling conflates two distinct issues: whether he has the right to counsel of choice at this stage in the proceeding and the proper mechanism for seeking relief based on prison officials' alleged interference with his ability to retain and communicate with private counsel.

With respect to the first issue, *Gonzalez-Lopez* held that the erroneous deprivation of a criminal defendant's choice of counsel *at trial* constitutes structural error requiring reversal. 548 U.S. at 150-52. It does not, however, support Akers' contention that the court has a duty to ensure that he has access to counsel of his choice to help him with post-conviction and habeas motions more than a decade after his conviction became final. To the contrary, "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).

As for the second issue, the district court correctly held that the proper mechanism for Akers to challenge the prison officials' alleged interference with his ability to retain and communicate with counsel is in a civil rights action, not in a habeas petition. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (holding that conditions-of-confinement claims must be brought in civil rights suit, not in habeas petition). Indeed,

11

*Mann*, which Akers relies on, supports the court's determination: *Mann* involved a civil rights suit filed under 42 U.S.C. § 1983 on behalf of inmates to challenge a prison policy prohibiting barrier-free or contact visits between inmates and legal counsel on Sixth and Fourteenth Amendment grounds. 46 F.3d at 1056; *see also id*. at 1060 (holding that "the Sixth Amendment does not require in all instances full and unfettered contact between an inmate and counsel").

We conclude that the district court did not err in denying Akers' motion for access to counsel or in holding that both that motion and Akers' allegations of court collusion in his motion regarding appointment of the FPD were frivolous and warranted the imposition of sanctions.

### CONCLUSION

We deny Akers' application for a COA to appeal the order denying his motion to void judgment and dismiss the matter with respect to that portion of the district court's order. We affirm the district court's order in all other respects, and we deny Akers' IFP motion. A filing and docketing fee of $505.00 is immediately due and payable to the Clerk of the District Court. We caution Akers that future frivolous appeals concerning the conviction and sentence at issue here may result in summary disposition without discussion and/or an order requiring him to show cause why this court should not impose both appellate filing restrictions and sanctions.[4] *See Andrews v. Heaton*, 483 F.3d 1070,

---

[4] "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (internal quotation marks omitted). We have inherent authority "to regulate the

1077–78 & n.10 (10th Cir. 2007).  We further caution him that the fact he is a pro se litigant does not prohibit the court from imposing such sanctions.  *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003).

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Where a party has engaged in a pattern of litigation activity that is manifestly abusive, restrictions are appropriate. *See Werner v. Utah*, 32 F.3d 1446, 1447–49 (10th Cir.1994); *In re Winslow*, 17 F.3d at 315.  After giving such a litigant notice and an opportunity to respond, we may impose a variety of sanctions, including filing restrictions and monetary penalties based on our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir.1986).  Moreover, Rule 38 of the Federal Rules of Appellate Procedure allows this court to award damages as a sanction for a frivolous appeal.