**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2852

_____

UNITED STATES OF AMERICA

v.

STEVEN ALLAN SCHWARTZ

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:03-cr-00035-001)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2023
Before:  SHWARTZ, BIBAS, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: September 1, 2023)

_____

OPINION*

_____

PER CURIAM

     Steven Schwartz appeals from the District Court's imposition of a filing injunction

against him.  For the following reasons, we will vacate that portion of the order imposing

the injunction and remand for further proceedings.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In April 2005, a jury in the United States District Court for the Eastern District of Pennsylvania found Schwartz guilty of sixteen fraud-related offenses. He was sentenced to 225 months of imprisonment, five years of supervised release, and over $1 million in restitution. We affirmed. United States v. Schwartz, 315 F. App'x 412 (3d Cir. 2009) (not precedential), and the Supreme Court denied certiorari, Schwartz v. United States, 559 U.S. 1094 (2010). Schwartz has unsuccessfully challenged his convictions in over twenty-five appeals and motions, including a 400-claim § 2255 motion, five Rule 60(b) motions, and several § 2244 applications in this Court.

In February 2018, the District Court denied Schwartz's fifth Rule 60(b) motion and imposed a filing injunction barring Schwartz from "filing any further motions challenging his conviction in this matter unless he obtains leave of this Court for good cause or he obtains permission from a three-judge panel of the Court of Appeals to file a successive application for habeas relief" ("the first filing injunction.") (ECF 559, at 10-12; 560.) Schwartz appealed. (ECF 572.) In February 2019, we denied a certificate of appealability as to the denial of Rule 60(b) relief but vacated the first injunction because the District Court had not given Schwartz the requisite notice and opportunity to respond. United States v. Schwartz, C.A. No. 18-1764 (order entered Feb. 5, 2019). We remanded the matter, noting that nothing in our opinion prevented the District Court from reimposing the same injunction, provided it gave Schwartz sufficient notice and an opportunity to respond.

Over three years later, in March 2022, the District Court notified the parties that it intended to re-impose a filing injunction against Schwartz. (ECF 585.) The parties filed

2

responses. (ECF 589; 593.) When the parties appeared for a hearing on the propriety of the proposed filing injunction, the Government asked the District Court to expand the injunction to prohibit Schwartz from pursuing any federal-court actions against witnesses or victims of his crimes. By order entered August 2, 2022, the District Court denied without prejudice the Government's request for a broader injunction but entered an injunction barring Schwartz from any further filings, without leave of court, that challenged his convictions in the underlying case ("the second filing injunction"). (ECF 602 & 603.) Schwartz timely appealed.[1] (ECF 606). The Government has not challenged the denial of its request for a broader injunction.

Under the All Writs Act, 28 U.S.C. § 1651(a), District Courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation. See Chipps v. U.S. Dist. Court for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989). This Court has stated that a filing injunction is an extreme measure that must "be narrowly tailored and sparingly used." In re Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir. 1989). Therefore, a District Court must comply with certain requirements when imposing a filing injunction: (1) the order should be entered only in exigent circumstances, such as when a litigant continually abuses the judicial process by filing meritless and repetitive actions; (2) the district court must give notice to the litigant to

---

[1] Because Schwartz is not challenging a final order disposing of the merits of a proceeding involving a challenge to the lawfulness of his detention, a certificate of appealability is unnecessary. See Harbison v. Bell, 556 U.S. 180, 183 (2009); see also Hickman v. Cameron, 531 F. App'x 209, 211 (3d Cir. 2013) (per curiam) (not precedential) ("[T]he filing injunction is not connected with the merits of the underlying habeas corpus proceeding. Hence, no COA is required to appeal it.").

show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case. See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). We review the imposition of a filing injunction for abuse of discretion. See In re Packer Ave. Assocs., 884 F.2d at 746-47.

We conclude that the District Court abused its discretion because exigent circumstances do not exist. When the District Court entered the first injunction in February 2018, it had good reason to conclude that Schwartz had abused the judicial process.[2] See Abdul-Akbar, 901 F.2d at 333 ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process."). Since that time, however, Schwartz has not filed any motions in the District Court directly challenging his conviction.

Indeed, as the Government acknowledges, as of early July 2023, "Schwartz has not filed a post-conviction motion for more than five years challenging his conviction

---

[2] In addition to unsuccessful pursuing relief in a § 2255 motion (ECF 422), Schwartz filed numerous motions in the District Court that were aimed in some way at challenging his conviction. For example, between January 2013 and October 2017, he filed: (1) motions for the recusal of the District Court judge (ECF 444; 467; 582; 583); (2) requests, some of which cited Federal Rules of Civil Procedure 54(b) and 60(b), that were in effect applications for permission to file a second or successive § 2255 motion (ECF 444; 457; 466; 489; 501; 503; 539); (3) challenges to a restitution order (ECF 463; 468; 472; 482); and (4) demands for reconsideration of the denial of the above-listed motions (ECF 511; 513; 544). Those efforts were unsuccessful.

…." Appellee's Br., 43-44 (Doc. 32.) According to the Government, this demonstrates the injunctions' effectiveness in "stopping Schwartz from continuing to burden the courts with challenges to a conviction that was final decades ago." Appellee's Br., at 44. But even during the period since February 2018 when those injunctions were not in effect, only three documents appear on the District Court docket that even marginally can be said to represent challenges by Schwartz to his conviction.[3] The Government further argues that the District Court "acted with appropriate dispatch after this Court's remand, taking into account the delay in all in-court proceedings caused by the pandemic." Appellee's Br., at 43. There is no indication, however, that the approximately 37-month delay between the date that we vacated the first injunction and the date of the District Court's notification of its intent to re-impose an injunction was pandemic-related.

Schwartz's past litigation was indeed abusive, and the District Court's frustration with it is understandable. But, given the dearth of recent submissions by Schwartz challenging his fraud convictions, we conclude that entry of the second filing injunction was unwarranted and an abuse of discretion. Accordingly, we will vacate that portion of the order imposing the injunction and remand for further proceedings.[4]

---

[3] In May 2019, Schwartz filed a letter complaining that the Bureau of Prisons had erroneously determined that his presentence report indicated that he had been convicted of resisting arrest in the 1980s. (ECF 576.) The District Court denied relief, noting that it lacked jurisdiction to amend the presentence report. (ECF 577.) Next, in March 2022, Schwartz submitted two documents seeking the District Court judge's recusal. (ECF 582; 583.) The District Court denied those requests. (ECF 588.)

[4] Nothing in our decision prevents the District Court from entering a filing injunction in the future if it is warranted.