FILED
United States Court of Appeals
Tenth Circuit

June 17, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MONTGOMERY CARL AKERS,

Defendant-Appellant.

No. 08-3073
(D.C. No. 04-CR-20089-KHV-JPO-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Montgomery Carl Akers' plea agreement.

*See United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Because Aker's attempted appeal of the denial of his Fed. R. Crim. P. 12(b)(3)

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

motion falls within the scope of his appeal waiver, we grant the government's motion.

Akers pleaded guilty to one count of wire fraud in 2005. He did so pursuant to a plea agreement that contained an appeal waiver in which he "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction and sentence," with the sole exception of retaining a right to appeal his sentence if the district court departed upward from the applicable sentencing guidelines in sentencing him. Petition to Enter Plea and Plea Agreement, *United States v. Akers*, No. 04-20089-01-KHV (D. Kan. Sept. 21, 2005), R. Doc. 120-2 at 16-17. The district court did depart upward, in part because Akers continued to engage in fraudulent conduct after his plea. Akers appealed his sentence, and this court affirmed. *United States v. Akers*, 261 F. App'x 110 (10th Cir. 2008).

On December 7, 2007, Akers filed a motion in district court to void his conviction and sentence, citing Rule 12(b)(3). The district court denied the motion, ruling that Rule 12(b)(3) motions must be filed while the case is still pending, not after the judgment and sentence have been entered. Akers has filed an appeal from that order, and, in response, the government has filed a motion to enforce the appeal waiver. The government contends that Akers' appeal falls within the scope of the appeal waiver. We agree.

In evaluating whether an appeal is precluded by a defendant's plea agreement waiver of appellate rights, we consider: "(1) whether the disputed appeal falls within the scope of the waiver . . . ; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. Akers challenges only the first factor, asserting in response to the motion to enforce that his appeal waiver is inapplicable to his Rule 12(b)(3) motion. His argument is without merit.

Akers waived his right to appeal "*any matter* in connection with his prosecution, conviction and sentence," R. Doc. 120-2, at 16 (emphasis added). His Rule 12(b)(3) motion asserted that the government lacked authority to bring an indictment against him and, therefore, that the trial court lacked subject matter jurisdiction to convict and sentence him. On this basis, his motion and appeal seek to void his conviction, which is quite clearly a matter relating to his prosecution and conviction. Thus, his appeal falls squarely within the scope of his waiver. *See United States v. Lyons*, 510 F.3d 1225, 1233 (10th Cir. 2007) (holding that motion to dismiss indictment is within scope of defendant's appeal waiver of "any matter in connection with his prosecution, conviction and sentence"), *cert. denied*, 128 S.Ct. 1915 (2008). Akers does not assert that his waiver was not knowingly and voluntarily entered or that enforcement of the

waiver would be a miscarriage of justice, nor do we see any meritorious basis for such assertions.

Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal. Akers' "Combined Motion to Notify the Court of Willful Obstruction of Justice by Surrogates of the Appellee; and, for Production of the Master Docket Sheet of this Case upon the Appellant"; "Motion to File Supplemental Addendum to Appellant's Response"; "Combined Motion for Clarification and Injunctive Relief and Other Orders of the Court"; "Addendum to Motion for Clarification and Injunctive Relief and Other Orders of the Court"; and any other outstanding and pending motions filed by Akers in this matter are DISMISSED as moot.

ENTERED FOR THE COURT

PER CURIAM