**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MONTGOMERY CARL AKERS,

Defendant-Appellant.

No. 10-3003
(D.C. No. 2:04-CR-20089-KHV-JPO-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Montgomery Carl Akers has filed an appeal from the district court's decision denying his motion to vacate his conviction pursuant to Fed. R. Crim. P. 33(a) and Fed. R. Civ. P. 60(b). In response, the government has moved to enforce the appeal waiver contained in Mr. Akers' plea agreement. We grant the motion and dismiss the appeal.

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Akers is no stranger to this court. Although he pleaded guilty in 2005 to one count of wire fraud and entered into a plea agreement that contained a waiver of his right to appeal or collaterally attack his sentence, he has filed a number of appeals with this court. The government did not seek to enforce the waiver with respect to Mr. Akers' appeal from his sentence because it fell within an exception to the waiver for upward departures. The other appeals arose from the denial of various post-conviction motions and we enforced the waiver in those cases. *See United States v. Akers*, 317 F. App'x 798, 804 (10th Cir.), *cert. denied*, 130 S. Ct. 656 (2009) (resolving four appeals); *United States v. Akers*, 281 F. App'x 844, 845 (10th Cir.) (per curiam), *cert. denied*, 129 S. Ct. 291 (2008).

Most recently, however, we denied the government's motion to enforce the waiver with respect to an appeal from the denial of a 28 U.S.C. § 2255 motion in which Mr. Akers asserted that he received ineffective assistance of counsel in the negotiation of his plea and waiver. We concluded that Mr. Akers' plea agreement had contained an explicit exception for that type of ineffective-assistance claim (also known as a "*Cockerham* claim," based on our decision in *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001)), and that therefore his appeal from the denial of his § 2255 motion was outside the scope of his appellate waiver. *See United States v. Akers*, No. 09-3341, Order at 2 (10th Cir. Apr. 13, 2010).

Shortly after Mr. Akers filed his § 2255 appeal, he filed a motion to vacate his conviction pursuant to Rule 33(a) and Rule 60(b). The district court concluded it lacked jurisdiction to consider the motion because of Mr. Akers' pending § 2255 appeal and because the motion appeared to be a second or successive § 2255 motion that had been filed without authorization. Mr. Akers' current appeal is from that decision.

The government has again moved to enforce the waiver contained in Mr. Akers' plea agreement. In reviewing a motion to enforce an appellate waiver contained in a plea agreement, we consider: "(1) whether the disputed appeal falls within the scope of the waiver . . . ; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Mr. Akers appears to be challenging only the first factor, asserting in response to the motion to enforce that his appeal waiver is inapplicable to this appeal.

The government contends that Mr. Akers' appeal falls within the scope of his waiver. The plea agreement states that Mr. Akers is "knowingly and voluntarily waiv[ing] any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction, and sentence." Aplee. App., Vol. 1 at A-16, ¶ 10. The agreement further provides that Mr. Akers is waiving

any right to challenge [his] sentence or otherwise attempt to modify or change his sentence or [the] manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] . . . .

*Id*. at A-16 (brackets in original).

Relying on the reasoning we employed in denying the government's motion to enforce the waiver with respect to Mr. Akers' § 2255 appeal, Mr. Akers argues that his current appeal is also governed by our holding in *Cockerham* and that "a plea agreement waiver of post-conviction rights does not waive the right to bring a [28 U.S.C.] § 2255 motion based upon ineffective assistance of counsel claims challenging the negotiation of the plea and waiver." Resp. to Mot. to Enforce at 3. Initially we note that Mr. Akers's current appeal does not involve a § 2255 motion. But we need not resolve the question of whether our reasoning in *Cockerham* extends to other post-conviction motions raising ineffective of assistance claims because the exception in *Cockerham* does not apply to the claim in Mr. Akers' current motion.

The *Cockerham* exception only applies to ineffective assistance of counsel claims challenging the negotiation of the plea and waiver and does not apply to ineffective assistance of counsel claims challenging counsel's performance at sentencing. *See Cockerham*, 237 F.3d at 1187. After reviewing Mr. Akers' motion to vacate his conviction, we conclude that the motion on its face does not fall within the *Cockerham* exception. In the motion, Mr. Akers alleges that the

district court "was involved in a collusion with the prosecutor and [his] court-appointed defense [attorney]" and this led to the district court making findings based on false information. *See* Mot. to Vacate Judgment at 3-4. Although the motion is not a model of clarity, this argument appears to relate to factual findings that were made at sentencing. In any event, Mr. Akers' motion fails to articulate any claim relating to his counsel's conduct in connection with the negotiation of his plea agreement. *See id.* at 1-4. Accordingly, we conclude that his appeal is covered by the scope of the waiver in his plea agreement.

Mr. Akers does not argue that his waiver was not knowing and voluntary. We note that in his earlier appeals we found that the waiver was knowing and voluntary. *See Akers*, 317 F. App'x at 801-02. Likewise, Mr. Akers does not argue that enforcing the waiver would result in a miscarriage of justice. Although an appellate waiver may be excused under this factor "where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid," *Hahn*, 359 F.3d at 1327, we note again that the post-conviction motion involved in this appeal does not contain allegations of ineffective assistance of counsel in connection with the negotiation of the plea waiver. In any event, Mr. Akers has already sought relief for any alleged ineffective assistance of counsel in connection with the negotiation of his plea waiver by filing a § 2255 motion in district court. His appeal from the district court's denial of that § 2255 motion is currently proceeding in this court.

Accordingly, we GRANT the government's motion to enforce and DISMISS this appeal.

ENTERED FOR THE COURT
PER CURIAM