**UNITED STATES COURT OF APPEALS**       **June 28, 2010**

**FOR THE TENTH CIRCUIT**       **Elisabeth A. Shumaker**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MONTGOMERY CARL AKERS,

      Defendant - Appellant.

No. 09-3341
(D.C. Nos. 2:04-CR-20089-KHV-JPO
& 2:09-CV-02206-KHV)

---

**ORDER**

---

Before **TACHA**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Montgomery Carl Akers, a federal prisoner proceeding pro se, appeals the

denial of his 28 U.S.C. § 2255 motion and the district court's refusal to recuse.

We construe his notice of appeal as a request for a certificate of appealability

("COA"), *see* Fed. R. App. P. 22(b)(2) ("If no express request for a certificate of

appealability is filed, the notice of appeal constitutes a request addressed to the

judges of the court of appeals."), and deny it.

Mr. Akers was sentenced to 327 months following the entry of a guilty plea

to one count of wire fraud. His sentence was affirmed on appeal. *United States*

*v. Akers*, 261 Fed. Appx. 110 (10th Cir. 2008) (unpublished).

Mr. Akers, after filing and having been denied several post-judgment requests for relief, *see discussion in United States v. Akers*, No. 10-3003, 2010 WL 1936260 (10th Cir. 2010) (unpublished), filed the § 2255 motion which is the subject of this appeal. He alleged that his counsel was ineffective because: 1) she coaxed defendant into pleading guilty to a crime that was legally impossible for him to have committed because the district court lacked jurisdiction; and 2) she had an inherent conflict of interest (counsel was a former Assistant United States Attorney) and that she assisted the prosecution in fraudulently altering the final plea agreement.

The district court concluded that the allegations lacked merit and denied the motion. A Fed. R. Civ. 58 judgment was entered on September 1, 2009. Mr. Akers filed a "Notice of Intent to File a Motion for Reconsideration" and a motion for extension of time to file a Fed. R. Civ. P. 59(e) motion on September 16. On September 21, Mr. Akers filed a renewed motion for recusal. The district court denied these motions on October 30. The district court did not issue a COA. Mr. Akers filed his appeal on November 25.

Because the district court did not grant COA, Mr. Akers may not appeal the district court's decision absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(B). A COA will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2).

This requires Mr. Akers to show "that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

We conclude that this court lacks jurisdiction to review the denial of Mr. Akers' § 2255 motion. Judgment was entered on September 1, 2009, and the notice of appeal was filed more than 60 days later on November 25, 2009. No timely tolling motion was filed.

In a civil case, in which the United States is a party, a notice of appeal must be filed within 60 days of entry of judgment. *See* 28 U.S.C. § 2107(b) (a notice of appeal in a civil matter must be filed within 60 days of entry of judgment where the United States is a party); Fed. R. App. P. 4(a)(1)(B) (same). A timely notice of appeal in a civil case is both mandatory and jurisdictional. *See Bowles v. Russell,* 551 U.S. 205, 209, 213 (2007). This court strictly construes statutes conferring jurisdiction. *Vanderwerf v. Smithkline Beecham Corp.*, 603 F.3d 842, 845 (10th Cir. 2010).

The appeal, however, is timely as to the district court's order denying an extension of time to file a post-trial motion and the renewed motion for recusal. Although Mr. Akers stated in his notice of appeal that he was appealing these issues, he did not address them in his brief. Accordingly, Mr. Akers has waived

any challenge as to these matters.  *See Tran v. Trustees of the States Colleges in Colorado*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived.").

We deny Mr. Akers a COA and **DISMISS** this appeal.  His motion to proceed on appeal *in forma pauperis* is **DENIED** because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts to support the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Per Curiam