**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MONTGOMERY CARL AKERS,

Defendant-Appellant.

No. 10-3326
(D.C. Nos. 2:09-CV-02206-KHV &
2:04-CR-20089-KHV-JPO-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **McKAY**, and **EBEL**, Circuit Judges.

Defendant Montgomery Carl Akers, a federal prisoner appearing pro se,

seeks a certificate of appealability (COA) to appeal the district court's dismissal

of his motion to vacate all of the rulings in his criminal case. We deny COA and

dismiss.

In 2005, Mr. Akers pleaded guilty to wire fraud. This court affirmed his

sentence on direct appeal. *United States v. Akers*, 261 F. App'x. 110, 116

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2008).  Mr. Akers filed numerous post-judgment motions challenging his conviction.  S*ee, e.g., United States v. Akers*, 377 F. App'x. 834, 835-836 (10th Cir. 2010) (per curiam) (listing some of Mr. Akers's post-judgment challenges).  Mr. Akers then filed a § 2255 motion claiming ineffective assistance of counsel, which was denied.  *See United v. Akers*, 384 F. App'x. 758, 759 (10th Cir. 2010) (per curiam) (denying COA).

Before a federal prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the circuit court authorizing the district court to consider the motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  A post-conviction motion filed after an initial § 2255 motion will be treated as a successive § 2255 motion–and thus must comply with § 2255(h)'s authorization requirement–if it in substance or effect asserts or reasserts a federal basis for relief from the prisoner's conviction.  *See United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006)*; Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

The district court ruled that Mr. Akers's motion to vacate all rulings in his criminal case was, in substance and effect, a second or successive § 2255 motion because it asserted a federal basis for relief from his conviction and sentence.  Therefore, the motion required authorization from the circuit court pursuant to § 2255(h) to be filed.  Because Mr. Akers failed to obtain such authorization, the district court dismissed the motion for lack of jurisdiction.

When a district court dismisses a § 2255 motion for lack of jurisdiction, the prisoner must obtain a COA to appeal. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). To obtain a COA, Mr. Akers must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A prisoner may make a "substantial showing of the denial of a constitutional right" by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. at 484 (quotation omitted).

Where, as here, the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id*. In this case, the question is whether reasonable jurists could debate the correctness of the district court's ruling that Mr. Akers's motion to vacate constitutes an unauthorized second or successive § 2255 motion. Our answer is no.

In his motion to vacate, Mr. Akers claims that the district court judge who presided over his trial conspired to have Mr. Akers's case assigned to her and that the judge had ex parte communications with the prosecutor. Therefore, he argues, all of the judge's rulings in his criminal matter should be vacated. R. at 61-62.

-3-

Because Mr. Akers challenges his conviction on a federal basis, his motion to vacate must meet the requirements for successive § 2255 motions. *See Nelson*, 465 F.3d at 1148-49. No reasonable jurist would debate whether Mr. Akers's motion is a second or successive § 2255 motion. Because Mr. Akers did not seek or obtain COA authorization, the district court lacked jurisdiction to consider the motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (holding that "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the circuit] court has granted the required authorization").

Accordingly, we DENY COA and DISMISS this matter. We DENY the government's motion to enforce the appeal waiver as moot. Mr. Akers's motion to proceed on appeal in forma pauperis is DENIED because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

-4-