FILED
United States Court of Appeals
Tenth Circuit

October 5, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTGOMERY CARL AKERS,

Defendant - Appellant.

No. 15-3073
(D.C. No. 2:04-CR-2008-KHV-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

On March 16, 2012, the district court ordered Jacquelyn E. Rokusek, former

counsel for federal prisoner Montgomery Carl Akers, to mail Mr. Akers certain

audiotapes and paperwork related to his case. Claiming he never received any

communications from Ms. Rokusek, Mr. Akers moved the district court on September 26,

2014, to conduct a hearing on the status of his requested materials. The court denied that

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

motion and a motion for reconsideration.  Mr. Akers now appeals both orders.

Exercising jurisdiction under 28 U.S.C. § 1291, and finding no abuse of discretion, we

affirm.

## I.  BACKGROUND

On September 21, 2005, Mr. Akers pled guilty in the District of Kansas to one

count of wire fraud, in violation of 18 U.S.C. § 1343.  The plea agreement provided that

Mr. Akers "knowingly and voluntarily waive[d] any right to appeal or collaterally attack

any matter in connection with this prosecution, conviction and sentence," with two

exceptions.  Supp. ROA, Vol. 1 at 54-55.  First, he could appeal "to the extent, if any, the

court departs upwards from the applicable sentencing guideline range determined by the

court."  *Id.* at 55.  Second, he could bring a petition under 28 U.S.C. § 2255 that sought

habeas relief based on ineffective assistance of counsel claims challenging the validity of

the plea or the waiver.  *Id.* at 54 (citing *United States v. Cockerham*, 237 F.3d 1179, 1187

(10th Cir. 2001)).

The district court sentenced Mr. Akers to 327 months in prison, significantly in

excess of the 140 to 175 months recommended by the United States Sentencing

Guidelines.  Mr. Akers exercised his limited right to appeal to challenge his sentence, and

we affirmed.  *United States v. Akers*, 261 F. App'x 110, 116 (10th Cir. 2008)

(unpublished).  He then filed a § 2255 petition alleging ineffective assistance of counsel,

which the district court denied.  Because Mr. Akers's notice of appeal of the § 2255 order

was untimely, we concluded we lacked jurisdiction and dismissed the appeal.  *United States v. Akers*, 384 F. App'x 758, 759 (10th Cir. 2010) (unpublished).

Mr. Akers then began to prepare a successive § 2255 motion based on "newly discovered evidence concerning prosecutorial misconduct and ineffective assistance of counsel."  Supp. ROA, Vol. 1 at 82.  To assist with that preparation, Mr. Akers asked the district court to order production of four categories of documents from Ms. Rokusek.  The district court denied his request.  On reconsideration, however, the district court on March 16, 2012, ordered Ms. Rokusek to mail Mr. Akers "(1) any tapes in [Mr. Akers's] file, (2) any paperwork filed by Bank of America asserting a financial loss in this case, and (3) the powers of attorney which were admitted as exhibits at the sentencing hearing."  ROA at 57.

Ms. Rokusek filed a certificate of compliance on April 9, 2012, attesting that she had mailed Mr. Akers the audiotapes, that all Bank of America paperwork had previously been returned to the Government, and that the powers of attorney had previously been returned to Mr. Akers.  In an amended certificate of compliance dated April 12, 2012, Ms. Rokusek informed the court that the package containing Mr. Akers's audiotapes had been "returned 'refused'" by the prison where Mr. Akers was incarcerated.  ROA at 60.

The events directly relevant to this appeal began on September 26, 2014, when Mr. Akers filed a Motion for Status and Compliance with the Court's Order of March 16, 2012.  According to that motion, Mr. Akers never received the materials the district court ordered Ms. Rokusek to send him, and Ms. Rokusek had "falsified her certificate of

compliance." ROA at 62. The district court denied Mr. Akers's motion, finding he had "not explained why he waited more than two years to bring to the Court's attention his allegation that counsel 'falsified her certificate of compliance.'" ROA at 66. Furthermore, the district court wrote, Mr. Akers had "not shown that any dispute about what documents or tapes were returned to him is relevant to any potential issue which he could raise in this Court." ROA at 66-67. The court denied Mr. Akers's motion for reconsideration, which he filed under Rule 60(b), because Mr. Akers "ha[d] not shown sufficient grounds for the Court to reconsider its Order." ROA at 75.

Mr. Akers now appeals. He argues the district court abused its discretion in denying his September 26, 2014 motion for a status hearing[1] and March 11, 2015 motion for reconsideration. Mr. Akers contends the district court colluded with Ms. Rokusek and "acquiesced in [her] material fraud upon the court." Aplt. Br. at 2, 4. He alleges the district court denied the motions because it favors the Government and is discriminating against Mr. Akers on the basis of his sex and status as a pro se prisoner. According to Mr. Akers, the materials he seeks from Ms. Rokusek would "unequivocally demonstrate that [he] committed no crimes" and would show "that the indictments that were allegedly

---

[1] It is unclear exactly what relief Mr. Akers sought in district court. His motion is styled as a Motion for Status and Compliance with the Court's Order of March 16, 2012. ROA at 62. But the body of the motion asks only that the district court hold "a status hearing and ruling on the Court's order of March 16, 2012," *id.*, which instructed Ms. Rokusek to mail Mr. Akers three categories of his requested materials. In his opening appeal brief, Mr. Akers says he wants "this court" to "[c]onduct an evidentiary hearing and get everyone under oath and lets [sic] see who's telling the truth and who's been involved in criminal misconduct." Aplt. Br. at 5.

returned in this case were fabricated and never returned by a legal[ly] constituted grand jury in Kansas at anytime." Aplt. Br. at 2.

## II.  **DISCUSSION**

### A. *Appellate Waiver*

As an initial matter, it is not clear Mr. Akers may appeal the district court's two most recent orders.  "[W]e will enforce an appeal waiver in a plea agreement as long as three elements are met: (1) 'the disputed appeal falls within the scope of the waiver of appellate rights'; (2) 'the defendant knowingly and voluntarily waived his appellate rights'; and (3) 'enforcing the waiver would [not] result in a miscarriage of justice.'" *United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (per curiam) (second brackets in original) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam)).

In his plea agreement, Mr. Akers gave up his right to appeal "*any matter* in connection with this prosecution, conviction and sentence."  Supp. ROA, Vol. 1 at 54 (emphasis added).  The orders before us concern Mr. Akers's prosecution and conviction. They are not clearly included in either of the waiver's two limited exceptions.  Mr. Akers argues in his reply brief that "the facts on appeal by the Appellant do not fall within the scope of the waiver," Aplt. Reply Br. at 2, but he does not elaborate this position at all.

We previously have found that Mr. Akers's waiver was knowing and voluntary. *United States v. Akers*, 317 F. App'x 798, 802 (10th Cir. 2009) (unpublished).  Under the doctrine of law of the case, we cannot revisit that legal question now.  *See United States*

- 5 -

*v. Irving*, 665 F.3d 1184, 1192 (10th Cir. 2011) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *Tanner*, 721 F.3d at 1233 ("Determining whether a defendant knowingly and voluntarily waived his rights is a question of law[.]").

As for the third prong of the appellate-waiver analysis, a miscarriage of justice exists "where (1) 'the district court relied on an impermissible factor such as race'; (2) 'ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid'; (3) 'the sentence exceeds the statutory maximum'; or (4) 'the waiver is otherwise unlawful.'" *United States v. Cudjoe*, 634 F.3d 1163, 1167 (10th Cir. 2011) (quoting *Hahn*, 359 F.3d at 1327).  Mr. Akers summarily alleges in his brief that the district court denied his motions because of "sexist discrimination" against him.  Aplt. Br. at 4.  He also asserted in his original November 2011 motion for production—to which his September 2014 motion for status hearing is related—that Ms. Rokusek had tricked him into "pleading guilty to a crime he did not commit."  Supp. ROA, Vol. 1 at 81.  But neither of these statements is supported by any facts.  It is therefore doubtful that Mr. Akers's conclusory allegations suffice to carry his burden of showing enforcement of the appellate waiver would result in a miscarriage of justice.  *See United States v. White*, 584 F.3d 935, 948 (10th Cir. 2009) ("The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice.").

Regardless, we need not resolve this issue, as Mr. Akers's appeal lacks merit in any event. *See United States v. Black*, 773 F.3d 1113, 1115 n.2 (10th Cir. 2014) (explaining that we may "exercise[] [our] discretion to bypass [a] relatively complex waiver issue and resolve [a defendant's] appeal on the merits").

## B. *Merits of Mr. Akers's Appeal*

We review for an abuse of discretion the district court's decision whether to hold a status hearing. *Cf. United States v. Cornelius*, 696 F.3d 1307, 1324 (10th Cir. 2012) (explaining that we review trial court's decision not to hold evidentiary hearing on juror misconduct for abuse of discretion); *United States v. Smith*, 569 F.3d 1209, 1212 (10th Cir. 2009) (holding that for purposes of calculating excludable delay under the Speedy Trial Act, "[w]hether to conduct a hearing is in the sound discretion of the district court."); *United States v. Clingman*, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002) ("We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion.").

"An abuse of discretion occurs where the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances." *Hancock v. Am. Tel. & Tel. Co., Inc.*, 701 F.3d 1248, 1262 (10th Cir. 2012). A district court also abuses its discretion when it "issues an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs*, 613 F.3d 1229, 1239-40 (10th Cir. 2010).

The district court did not abuse its discretion by denying Mr. Akers's request for a status hearing. His September 2014 motion asserted he had "received no contact from attorney-Rokusek and ha[d] not been provided any materials that was [sic] ordered given to him" by the district court. ROA at 62. That motion also accused Ms. Rokusek of "falsif[ying] her certificate of compliance" to reflect, inaccurately, that she had sent Mr. Akers his desired tapes and Bank of America paperwork. ROA at 62. In fact, Ms. Rokusek corrected her original certificate with an amended certificate of compliance that indicated the tapes had been "returned 'refused.'" ROA at 60. If Ms. Rokusek's first certificate of compliance was inaccurate, she cured it within three days. And Mr. Akers acknowledged in an April 30, 2012 district court filing that he had received both of Ms. Rokusek's certificates. The district court could thus properly discredit his claim that he had "received no contact" from Ms. Rokusek. Where the proffered bases for Mr. Akers's motion for a status hearing were inaccurate, the district court did not "clearly err[] or venture[] beyond the limits of permissible choice" by denying that motion. *Hancock*, 701 F.3d at 1262.

To the extent Mr. Akers's September 2014 motion can be construed as requesting not only a status hearing but also an order that Ms. Rokusek turn over the materials she was previously directed to divulge, there still was no abuse of discretion. Mr. Akers did not file his motion until almost two-and-a-half years after Ms. Rokusek filed her certificates of compliance. As the district court noted, he had "not shown that any dispute about what documents or tapes were returned to him is relevant to any potential

issue which he could raise" in the district court. ROA at 66-67. And in any event, Ms. Rokusek appears to have complied with the district court's order to mail Mr. Akers his requested materials. Denying Mr. Akers's motion under these circumstances can hardly be described as "arbitrary, capricious, whimsical, or manifestly unreasonable." *Rocky Mountain Christian Church*, 613 F.3d at 1239.

For similar reasons, the district court did not abuse its discretion by denying Mr. Akers's Rule 60(b) motion. *See ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011) ("We review for abuse of discretion a district court's denial of a Rule 60(b) motion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances.").

Mr. Akers claimed in that motion he had "filed two prior 'OPEN MEMORANDUMS' . . . notifying the [district] court and counsel-Rokusek that he had not received the materials Rokusek claimed she sent to him." ROA at 69. He did not identify or attach copies of those memoranda. The only previous filing we have found in which Mr. Akers referenced Ms. Rokusek's supposed failure to mail the required materials is an April 30, 2012 Motion to Amend the Court's Judgment as to Its Order (Doc. 390), in which he claimed Ms. Rokusek was "lying to this court under oath . . . concerning the information contained in her Certificate of Compliance and Amended Certificate of Compliance." Supp. ROA, Vol. 1 at 96-97. This motion, which was filed nearly two-and-a-half years before Mr. Akers's September 2014 motion for status

hearing, does nothing to alter the soundness of the district court's decision to deny the motion for status hearing.

In addition, Mr. Akers's Rule 60(b) motion asserts the materials he seeks "will show that AUSA-Martin and USPO-Michael Barber conspired to perpetrate material fraud upon the court in the form of a loss allegedly suffered by Bank of America and acquiesced in such conduct with the full knowledge of Judge-Vratil." ROA at 71. But he fails to support this inflammatory assertion with any facts or explanation. Nothing in Mr. Akers's Rule 60(b) motion required the district court to revisit its denial of his motion for status hearing.

## III.  **CONCLUSION**

Even assuming Mr. Akers has not waived his right to bring this appeal, his claims of error by the district court are without merit. We therefore affirm. We also deny Mr. Akers's motion to proceed *in forma pauperis* and his motion to show cause. Appellant shall forthwith pay the full amount of the filing fee to the district court clerk.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge