FILED
United States Court of Appeals
Tenth Circuit

November 1, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTGOMERY CARL AKERS,

Defendant - Appellant.

No. 16-3171
(D.C. Nos. 2:04-CR-2089-KHV-1 and
2:09-CV-02206-KHV)
(D. Kan.)

**ORDER**

Before **BRISCOE**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.

This matter is before the court on Akers' Petition for Rehearing or in the

Alternative Petition for Rehearing En Banc.  Upon consideration, panel rehearing is

granted in part and is limited to the revisions made in the attached revised order and

judgment.

In addition, the petition for en banc consideration was circulated to all the

judges of the court who are in regular active service and who are not recused.  As no

member of the original panel and no judge in regular active service requested that the court be polled, the request for en banc reconsideration is denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

August 30, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTGOMERY CARL AKERS,

Defendant - Appellant.

No. 16-3171
(D.C. Nos. 2:04-CR-20089-KHV-1 and
2:09-CV-02206-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant Montgomery Carl Akers' plea agreement. Akers filed a response and a motion to dismiss the government's motion, which he contends is untimely and fails to comply with the court's rules. We deny Akers' motion to dismiss the government's motion. We grant the government's motion to enforce Akers' appeal waiver and dismiss the appeal.

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Akers first contends that the government's motion to enforce his appeal waiver is untimely. A motion to enforce "must be filed within 20 days after: (i) the district court's notice, pursuant to 10th Cir. R. 11.1, that the record is complete, or; (ii) the district court's notice that it is transmitting the record pursuant to 10th Cir. R. 11.2." 10th Cir. R. 27.3(A)(3)(b). The district court noticed its transmission of the record on June 23, 2016. The government filed its motion to enforce on July 13, 2016. The government's motion is timely.

Akers also maintains that the government's motion lacks a certificate of service. But the motion states that it "was electronically filed on July 13, 2016, with the Clerk of the Court by using the ECF system, which will send a copy of the Notice of Docket Activity to all ECF system participants as of the time of the filing, and a copy was sent via U.S. Mail to: Mr. Montgomery C. Akers." Mot. to Enforce at 14.

Finally, Akers contends that the government's motion should be dismissed based on its failure to comply with this court's rules. A motion to enforce "must include copies of the plea agreement and copies of transcripts for both the plea hearing and the sentencing hearing." 10th Cir. R. 27.3(A)(2)(b). Akers notes that the government filed with its motion the transcript from the final sentencing hearing held on November 20, 2006, but did not attach the transcripts from the previous sentencing proceedings held on July 18 and July 20, 2006.

Akers asserts that these two additional sentencing transcripts are "crucial to his arguments to deny the government's motion to enforce." Resp. at 5. But he does not

indicate what his arguments are or why they require citation to any sentencing transcript other than the transcript from the hearing in which the district court imposed his sentence. As we have previously noted, "Mr. Akers is no stranger to this court," *United States v. Akers*, 377 F. App'x 834, 835 (10th Cir. 2010), nor is he unfamiliar with the available bases for challenging the enforcement of his appeal waiver, *see United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Akers has opposed the government's motions to enforce his appeal waiver on at least five previous occasions. *See United States v. Akers*, 628 F. App'x 560, 562-63 (10th Cir. 2015); *United States v. Akers*, Nos. 12-3123 & 12-3130, slip op. at 3-4 (10th Cir. Aug. 20, 2012); *Akers*, 377 F. App'x 834, 836-37 (10th Cir. 2010); *United States v. Akers*, 317 F. App'x 798, 801-04 (10th Cir. 2009); *United States v. Akers*, 281 F. App'x 844, 845 (10th Cir. 2008). Akers' conclusory assertion fails to demonstrate that he has suffered any prejudice from the government's failure to file the entire sentencing-hearing transcript. Consequently, he has provided insufficient grounds for this court to dismiss the government's motion for failure to comply with the court's rules. We deny Akers' motion to dismiss the government's motion.

Akers advances no other argument against enforcement of his appeal waiver. We therefore grant the government's motion to enforce and dismiss the appeal. We deny Akers' application to proceed on appeal without prepayment of fees and costs.

Akers shall forthwith pay the full amount of the filing fee to the district court clerk.

All other pending motions are dismissed as moot.

Entered for the Court
Per Curiam