**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MONTGOMERY CARL AKERS,

    Defendant - Appellant.

No. 17-3146
(D.C. No. 2:04-CR-20089-KHV-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **HARTZ**, Circuit Judges.
_____

Montgomery Akers appeals an order imposing filing sanctions and denying his combined motion to reopen habeas proceedings and to recuse the district court judge. We conclude that the motion should have been dismissed for lack of jurisdiction, but affirm the district court's imposition of sanctions.

**I**

While serving a federal sentence for bank fraud and other charges, Akers pled guilty to one count of wire fraud. The charge was based on a fraudulent check

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

scheme Akers operated from prison. He was sentenced to 327 months'
imprisonment. We affirmed on direct appeal. United States v. Akers, 261 F. App'x
110, 116 (10th Cir. 2008) (unpublished). Akers unsuccessfully pursued relief under
28 U.S.C. § 2255. United States v. Akers, 384 F. App'x 758, 759 (10th Cir. 2010)
(unpublished). He has filed numerous motions and appeals since then. Noting some
26 orders related to these filings, the district court warned Akers of the potential it
would impose filing sanctions. After permitting Akers to respond, the court ordered
that any future pro se filings in Akers' criminal case it found frivolous would result
in a sanction of $500.

Undeterred, Akers filed a combined motion for recusal of the district court
judge and reopening of his habeas proceedings. The district court issued an order to
show cause as to why a sanction should not be imposed. After reviewing Akers'
response, the court denied his combined motion and imposed a $500 sanction. It also
warned of additional sanctions if Akers made further frivolous filings. Akers timely
appealed.

## II

Before addressing the merits of this appeal, we consider the district court's
jurisdiction. See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044,
1048 (10th Cir. 2006) (noting this court's duty to consider sua sponte the district
court's subject matter jurisdiction). District courts possess jurisdiction over motions
to reopen habeas proceedings only if they are "true" Fed. R. Civ. P. 60(b) motions. If
a motion "in substance or effect asserts or reasserts a federal basis for relief from the

2

petitioner's underlying conviction" then it must be treated as a second or successive § 2255 motion and dismissed. Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006). A motion alleging fraud on the court that "relates solely to fraud perpetrated on the federal habeas court . . . will be considered a true 60(b) motion." Id. at 1216 (emphasis omitted). But if the fraud "includes (or necessarily implies) related fraud on . . . the federal district court that convicted and/or sentenced the movant . . . , then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding." Id.

In his combined motion, Akers claims that the district court judge and a prosecutor began conspiring against him in 2000. He alleges that he received information about the conspiracy in August 2001 and June 2004. The judge, defense counsel, and prosecutor purportedly met in July 2006. However, the judge later denied any ex parte contacts. Akers also argues that his grand jury indictment was "non-existent" and that the district court improperly recommended that his mail be inspected by prison officials. These allegations relate to Akers' underlying conviction and sentence, which became final in November 2006, not his initial habeas motion. Because Akers complains of "fraud on . . . the federal district court that convicted and/or sentenced" him, rather than fraud in relation to the disposition of his habeas motion, the district court lacked jurisdiction over those claims. Id.

Lack of jurisdiction over the merits does not necessarily invalidate a sanctions order. In Willy v. Coastal Corp., 503 U.S. 131 (1992), the Supreme Court rejected plaintiff's "contention that Rule 11 sanctions must be aborted because at a time after

3

the sanctionable conduct occurred, it was determined by the Court of Appeals that the District Court lacked subject-matter jurisdiction." Id. at 137. Although a court may not continue adjudicating a case once it has been determined that the court lacks jurisdiction, "such a determination does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction." Id. The Court distinguished a prior case, United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72 (1988), which held that a civil contempt sanction necessarily failed because the district court lacked jurisdiction. Willy, 503 U.S. at 76. The Willy Court explained that the purpose of civil contempt is "to coerce compliance with the court's decree," and thus "it is logical that the order itself should fall with a showing that the court was without authority to enter the decree." Willy, 503 U.S. at 139. "The interest in having rules of procedure obeyed, by contrast, does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction." Id.

The sanctions imposed in this case are more akin to those at issue in Willy than those considered in United States Catholic Conference. In Willy, the Court noted that Rule 11 sanctions may be imposed "for filing a frivolous complaint." 503 U.S. at 137. And it stated that such sanctions are "collateral" to the merits because the issue is whether the judicial process has been abused. Id. Our court has previously concluded that other similar sanctions may be imposed despite lack of merits jurisdiction. See Lorillard Tobacco Co. v. Engida, 611 F.3d 1209, 1218 (10th Cir. 2010) (sanctions under state statute for frivolous claim "may be imposed despite

4

a court's lack of subject matter jurisdiction to adjudicate the underlying merits of the action" (quotation omitted)); Olcott v. Del. Flood Co., 76 F.3d 1538, 1553 (10th Cir. 1996) ("We conclude the district court's sanction imposed pursuant to Rule 16(f) and 37(b) is sufficiently analogous to Rule 11 sanctions to be enforced despite a lack of subject-matter jurisdiction."). We thus conclude that the district court's sanctions order may stand even though it lacked authority to resolve the underlying motion.

**III**

Having decided the scope of the district court's authority, we decline to assist Akers in further wasting judicial resources with extensive discussion. We agree with the district court that filing sanctions were appropriate. See Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989) (setting forth relevant factors for imposing sanctions). We are not persuaded by any of the arguments Akers advances in his briefing or in the several motions he has filed in this court. We caution Akers that future frivolous appeals may result in an order requiring him to show cause to avoid appellate filing restrictions or sanctions.

We **AFFIRM** the district court's imposition of sanctions, but **REMAND** for the district court to dismiss Akers' combined motion for lack of jurisdiction. We **DENY** all motions Akers has filed on appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

5